Thank you, Your Honor, and may it please the Court, I would like to reserve three minutes for rebuttal. My name is Jonah Grossbard and I represent APL Microscopic, LLC. We are here on de novo review so that this Court can review the underlying record with a fresh set of eyes. We believe that once this Court reviews the record, it will see that APL alleged sufficient allegations to make a plausible case of copyright infringement against the Steenblock defendants. In its amended complaint, APL alleges ownership of the copyrighted works and that the Steenblock defendants infringed on APL's copyrighted works by using two images on their Facebook and Instagram pages that promoted Steenblock's medical practice. Steenblock concedes that APL alleges sufficient facts in APL's amended complaint for its 1202 vicarious and cop and contributory infringement claims and only argues that APL didn't have standing for those claims. APL, in fact, did have standing to bring this case. APL alleges sufficient factual allegations to state it has standing. APL states in its first amended complaint that it had the rights to the copyrighted images because they were assigned from Andrew Leonard to APL. Andrew Leonard is the photographer who took- So which paragraph in the complaint is that? I'm sorry, give me one second. It's in paragraph three of the amended complaint, ER 479. Which are assigned to APL? Yeah. Okay. And as I was explaining, Andrew Paul Leonard is the photographer who took the photographs. APL are his initials, so Andrew Paul Leonard and APL are a one-man shop. They're the same thing and- So they're the alter ego of each other? They're separate entities, but they're- I mean, obviously one's an individual and one's a company, but they're one and the same in terms of who they are, but the correct plaintiff for standing here is APL because there is an actual written assignment from Andrew Paul Leonard to APL, which we produced as part of our opposition to defendants' motion for attorney's fees, and that's at ER- Is that something that can be considered since it wasn't part of the complaint or cross-referenced in the complaint? Your Honor, we believe that anything on the underlying record can be considered on de novo review by this panel, so we believe that it is properly before the complaint, but even if it's not, it just shows how it wouldn't be futile for us to be granted leave to amend, which I think is another major problem with the decision on the lower court because the court engaged in a futility analysis. It just ruled that the case should be dismissed with prejudice, and I'll address that further later in the argument. As explained in our opening brief, our allegations comport with Ninth Circuit precedent. We cited two cases. The first is Dolores v. Robinson, and in that case, the Ninth Circuit held that alleging simply an exclusive license was sufficient to state standing, and the other case, which I think is even more on point, is the Jules Jordan decision, and in the Jules Jordan decision, the Ninth Circuit, in a similar type of situation, held that for a third-party infringer to challenge standing when there's no dispute between the owner and the transferee would be an unusual and unwarranted thing, and they should not engage in that, so we just think that the court didn't look at either of those cases, and also, Steenblok, in his answering brief, does not distinguish or address either of these cases to explain how this standing decision at the lower court is proper, and it makes it even harder for them to argue against standing when, in fact, we produced the assignment after the case was wrongly dismissed. We also believe that the district court applied the wrong standard in reviewing and dismissing the amended complaint by using an evidentiary standard instead of a sufficiency standard under Iqbal and Twomley. The district court applied an evidentiary standard to the motion, and that's just not the correct standard. At the pleading stage, the general factual allegations suffice under a Ninth Circuit president. We just don't think the court did that. We think the court just ignored what was in the complaint, took what was written in the declaration, which was not in the complaint, and then decided that those were the correct facts. Then the district court shouldn't have looked at the declaration, in your view? I think the district court can look at the declaration if it wanted, but I think since it was outside of the pleadings, I think that it's extrinsic to the complaint and it should not have been reviewed. So getting back to my question about the assignment document, how is it that we can look at the assignment document, which is also extrinsic to the complaint? Well, I would say that whether or not you can look at it at this point or not, it's there. It's on the record. We think that you can look at it, but it just supports our argument for why there is standing here and how the court granted the motion to dismiss with prejudice, not allowing us to amend to correct this error, which we didn't think was an error because we did allege that the work was assigned. And if the court took the allegations in the most favorable light to the plaintiff, saying that it was assigned from Andrew Leonard, the photographer, to APL, should have addressed the standing concern. But we weren't even given that opportunity. So whether or not you can consider the document as part of the record or not, I don't think it sways it one way or the other. I think it just shows how we could cure and how the court was wrong in not allowing us to amend the complaint. I see that my time is up, so I will reserve the three minutes for rebuttal. All right. You have almost three minutes. Good morning, and thank you for the privilege of arguing before you. My name is Harry Safarian, and I represent Dr. Steenblok individually and as a corporation. There is a fundamental issue here with regard to the complaint as it relates to what was assigned. Counsel argued eloquently but argued in paragraph three that there was an assignment of rights. Paragraph three says, this is at ER 479 of the First Amendment complaint, Leonard's images, which are assigned to APL. And although the distinction may seem small, the distinction is quite significant. The prima facie showing by the complaint with the attachments is that the works themselves, that the rights to the works belong to Mr. Leonard individually. And so that prima facie showing has been made by the attachment that is included in the pleading. What do we do about paragraph 19 in the complaint that says, at all relevant times, APL was the owner of the copyrighted defined term works at issue in this case? And yes, thank you for raising that, because that is an issue that I wanted to discuss. That is a generalized pleading that is belied by the more specific allegations. The plaintiff can plead themselves out of standing, as they have when the prima facie showing is made by the attachment. There are similar allegations, for example, at paragraph 17 that state, at the time APL created the works. And we know APL did not create the works. Mr. Leonard created the works. So the risk and the problem is those allegations are generalized. And when you look at the more specific allegate or the specific showing, the prima facie showing, by the attachments that are the registrations, then we begin with the concept and the established prima facie. So the registrations show who registered the copyright, but they don't shed any light on who is assigned on the assignment issue. So I don't see how that's inconsistent. Help me understand that. The law is that that is a prima facie showing as to who has the rights, and then the party who is suing, claiming infringement, then has the burden of showing at the pleading stage that there was. They have to show an unbroken line of transfer to the party that now claims ownership of the copyright. And in this case, I don't think that was done. So the allegations that are in the complaint are not sufficiently detailed? What should he have said? Well, I think that he should have put forth something more particular factually. When you have the prima facie showing that it is owned and created by Leonard with regard to the copyright registrations, there has to be something that is more specific. What would be sufficient? Well, for example, there was a transfer on a specific date with specific terms, or an attachment of the transfer, or something that is more of a generalized assertion to nudge it across the line of plausibility, as the Supreme Court instructed in Ashcroft and Twombly. Because now what this creates is the ability for anybody, if the pleading standards were that loose, anyone could come forward and anyone could claim a transfer. But there is no factual specificity at all. It's just a generalized assertion. We received this, and that assertion is belied by something very concrete and very specific that Plaintiff has attached. Opposing counsel also suggests that it was an error not to give leave to amend. So if he had been given leave to amend, if the district court had identified that issue, then I suppose APL could have added the transfer date and a copy of the assignment, which, in fact, is in the record, as opposing counsel points out. What's wrong with that argument? The problem is what's before the court is a de novo review, but the review is whether the trial court got it correctly. And before the trial court were the pleadings that were submitted in connection with this brief, and after the fact, presentation to the court and augmentation of the record, it does not speak to whether on the date the trial court issued its decision with respect to this issue, July 8, 2021, the trial court got it right. So I guess the question is, was the district court wrong on denying leave to amend? I think the answer clearly on that issue is no, because what the district court did, first, there was an amended complaint. This was not the original vote. But that wasn't after a motion to dismiss. That was done to responding by APL. So this is actually the first request for amendment in response to the district court dismiss. I agree. And I think the district court has discretion in determining whether to grant leave in this context. There was no showing at all in any of the briefs filed prior to the July 8, 2021, ruling. I think that there is, from a policy standpoint, some problems with allowing a party to submit an opposition, wait for a ruling, then go back and try to sort of argue around the ruling by submitting new evidence. Was there oral argument in this case? Sorry? Was there oral argument in this case? There was not oral argument. And isn't — Oh, sorry. Go ahead. Speaking as a district judge, isn't that the typical scenario of how motions — of how leave to amend is granted? If you're faced with a motion to dismiss and you lose, then you get a chance to cure the deficiencies? By oral argument? No, by amending your complaint. Oh, oftentimes that is the case, but there is a plethora of authority and well-established authority that if it appears futile from the pleadings, that amendment would not get us to the next stage. That is correct, but the district court in this case did not do that analysis. I think — What in the evidence suggests that amendment would be futile here? Well, the district court states at ER 5 that the plaintiff does not offer evidence to show that such assignment occurred, and then it goes on to state that — I think that's really it, is at the pleading stage, the plaintiff has the opportunity — Well, I think that at the pleading stage, you could submit in opposition any documentation or showing that you could — you would ask for a leave to amend. Commonly, that's how I — Well, didn't the district court require them to meet a higher burden than what's normally required at the pleading stage? I don't think that is the case because of the very unique circumstances here. Not terribly unique, but there were the registrations attached, so when the registrations are attached, you begin with the presumption that the rights belong to the individual, Mr. Leonard. At that point, in order to sort of come out of that prima facie showing and establish the contrary for pleading purposes, the plaintiff then has an opportunity to show specific circumstances. It doesn't have to be incredibly detailed, but something more than simply a statement, the images were assigned or the rights were assigned, and that's truly all that occurred. They had available to them certainly more information. The plaintiff did not present it to the district court until after having a chance to look at the district court's determination and then sort of respond or argue around it in the motion for attorneys' fees. That was the first time that it came up, by which point there was no request for reconsideration, no motion for reconsideration, no opportunity taken by the plaintiff to seek the issue having to be revisited at the district court or trial level. There was a second issue, of course, and that is that there were no facts that were beyond speculative that Dr. Steenblok or the corporation were, in fact, the ones engaging the copyright infringement. It was simply an inference. There was evidence in the record that Dr. Steenblok said fervently, this is not my doing, these are not my sites. Then whose doing was it? We don't know, but the issue, and I think from a policy standpoint, the need to have, and I'm not suggesting that the plaintiff did it. There's some third party out there that did this? I don't know who did it, but I think that requiring, allowing a party to simply plead it, the websites and social media accounts can be created in seconds. Somebody with intellectual property rights has the ability to create a website or a Facebook account showing it used by a particular person. So it does create a risk. I'm not suggesting that the plaintiff did that here, but I think that is why, one of the reasons, there has to be something factually alleged beyond you did it. When the record shows that the person accused of doing it is fervently saying, this was not my doing, then something more than a speculative inference is required. Again, going back to Ashcroft and Twombly, it simply is guesswork. I suppose someone can surmise it looks that way, but looking that way and actually being that way for pleading purposes are different things. Something more has to be shown than simply we assume you did this. That's what Ashcroft and Twombly tell us. They say it has to be plausible. It seems plausible that when websites are advertising for your client that the client has something to do with it. I mean, that seems very plausible, actually. Until the client, who's an esteemed doctor, says, this was not my doing at all and that is part of the record, then I think the burden becomes the plaintiff's to show. Do you think that makes it implausible if a mere declaration? I think it makes it. Certainly for summary judgment it would create an issue of fact, but for a complaint? I think it makes it speculative, and that's the problem. Okay. So I think my time is up. I'm happy to answer further questions, but I do know my time is up now. All right, thank you very much. Thank you for the privilege of arguing before you. Thank you, Counsel. All right, Mr. Westhart. Thank you, Your Honor. I'm going to just go quickly and try to rebut some of the things they said. First, they do know who created it because when they produced their records for the motion for attorney's fees, it said that they had communications with someone else who, it said from the attorney's notes in the billing time, was I think Joanna Zuriza or something like that. We don't know who that person is. It was a Jay Zuriz. It's in the record. I don't have the exact site to it. So they did know the person. Once we found that out, we looked online and we saw that they did have a connection between themselves. Again, the defendant's website literally says on the About Us page that this is number one doctor, Dr. Steenblatt, number one in stem cell solutions. I just think that the court took an evidentiary look at this as opposed to a plausibility look and just got it wrong. Again, the court cites to the copyright statute 410C. 410C is a presumption of validity of a copyright registration. It really doesn't play a role here. And also the defendant, the appellees have not cited to any case law that shows that there is this presumption at the pleading stage where a plaintiff, if challenged, has to reply and put in proof in an opposition that they have the rights, that that's just not the standard. I mean, there's no case law that shows that. And, again, there was a lot of coulds in the appellee's argument, and I think that shows that there is a lot to work with here to amend. And, again, we did not have oral argument. I think if we had oral argument, we would have maybe gotten to some of these issues and been able to see what was going on, but we just got a decision. The decision was with prejudice. We were very surprised by that, and that is why we took an appeal, because we just thought that the decision was wrong and it needed new eyes to review it. So with that, if you have any questions, please let me know, or we will deem it submitted. Okay, thank you very much, counsel. Thank you. APL Microscopic v. Steenbach is submitted.
judges: WARDLAW, IKUTA, Vratil